# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DAVID LEROY EARLS, JR., <br><br> Defendant. | Case No. CR-21-136-RAW |

## ORDER

Before the court is Defendant's post conviction motion for judgment of acquittal pursuant to Rule 29 [Docket No. 101] and the Government's response thereto [Docket No. 102]. The Defendant's motion raises the following issues – whether the Government presented sufficient evidence to establish that: (1) C.P. was incapable of appraising the nature of the sexual conduct that Defendant admitted to engaging in with her, and (2) the Defendant knew that C.P. lacked the capability to appraise the nature of the sexual conduct at the time of the alleged offenses.

Rule 29 permits a defendant to renew a motion for a judgment of acquittal within fourteen days after a guilty verdict, which the Defendant has done by the instant motion. Fed. R. Crim. P. 29(c)(1). Upon this motion, the court may set aside the verdict and enter an acquittal. Fed. R. Crim. P. 29(c)(2). The court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).

In reviewing the sufficiency of the evidence presented at trial, the court views "the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government." *United States v. Hale*, 762 F.3d 1214, 1222 (10th Cir. 2014). The court will grant

a motion for a judgment of acquittal "only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 1222-23 (citation omitted). In making this determination, the court "may neither weigh conflicting evidence nor consider the credibility of witnesses. It is for the jury, as the fact finder, to resolve conflicting testimony, weigh the evidence, and draw inferences from the facts presented." *United States v. Dewberry*, 790 F.3d 1022, 1028 (10th Cir. 2015) (citing *United States v. McKissick*, 204 F.3d 1282, 1289-90 (10th Cir. 2000). The court owes "considerable deference to the jury's verdict." *Id*. (citing *United States v. Mullins*, 613 F.3d 1276, 1280 (10th Cir. 2010).

Of course, "if the evidence does no more than raise a mere suspicion of guilt or requires piling inference upon inference to conclude the defendant is guilty," the court will grant the motion for a judgment of acquittal. *Id*. The "evidence, together with the reasonable inferences to be drawn therefrom, must be substantial, but it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt." *United States v. Rufai*, 732 F.3d 1175, 1188 (10th Cir. 2013) (citing *United States v. MacKay*, 715 F.3d 807, 812 (10th Cir. 2013).

The Defendant was accused in this case and convicted of three counts of violations of 21 U.S.C. § 2242(2)(A), which makes it a crime to knowingly engage in a sexual act with another person if that other person is "incapable of appraising the nature of the conduct." The Defendant first argues that the statutory language is ambiguous and that the Government presented insufficient evidence that C.P. "is incapable of appraising the nature of the sexual conduct that Defendant admitted to engaging in with her."*

---

*The court notes defense counsel's suggestion that the implication of a guilty verdict is that C.P. will never be able to lawfully engage in any sexual conduct with any person. The court does not agree that this is necessarily accurate. In any event, such musings are beyond the

The Defendant argues that the words "appraise" and "incapable" are ambiguous and the court should resolve the ambiguities in favor of lenity. As noted by the court previously, the word "appraise" is defined as "to place some value upon." It is also defined as "to judge something with respect to its worth or significance." https://www.merriam-webster.com/dictionary/appraise. "Incapable" means "lacking in capacity, ability, or qualification for the purpose or end in view…." https://www.merriam-webster.com/dictionary/incapable. Both words are of common usage and common knowledge. Moreover, like the United States District Court for the District of New Mexico has previously found, this court also finds that the construction and application of 18 U.S.C. § 2242(2) is not ambiguous. *United States v. Harry*, No. CR 10-1915 JB, 2014 WL 6065677, at *15, n. 9 (D.N.M. Oct. 14, 2014).

As the Government has included in its response, it presented to the jury testimony by C.P.'s grandmother and guardian, Helen Dudley; Dr. Kathleen Ward concerning two separate psychological evaluations she conducted on C.P.; Jerry Dawn Dennis, who was C.P.'s professional counselor for a number of years; and Cynthia Stanford, a pediatric nurse practitioner who examined C.P.

---

purview of the court's review. The defense further argues that word "incapable" is ambiguous and suggests that perhaps the Government in fact had the burden to prove that C.P. cannot now, nor will she ever be able to appraise the nature any sexual conduct. The court disagrees. The term "incapable" is a word of common usage and knowledge. Furthermore, the plain language of the statute makes it a crime to knowingly engage in a sexual act with another person if that other person is "incapable of appraising the nature of *the* conduct." *Id*. (emphasis added). There is no requirement to show that the alleged victim could not now, nor ever be able to appraise the nature of *any* sexual conduct. The issue before the jury at trial and now before this court is whether the Government presented sufficient evidence that C.P. was incapable of appraising the nature of *the* sexual conduct the Defendant admitted to engaging in with her.

The Government presented evidence that C.P. functions on a second grade math level and a fifth grade reading level; that she has difficulty completing the simplest tasks such as making Kool-Aid; that she is easily influenced by other people and just wants to do things to make others happy; that she acts more like a peer than an older sister to her 8- and 10-year-old siblings; that she consistently scores in the 50's on the Wechsler test, which is in the first percentile of the population, i.e. out of 100 people, 99 would be smarter than her; that she also scored below the one percentile on an "adaptive behavior" inventory; that her maturity level was very low; that her responses have been childlike and not consistent with those from an adult; that she is a very concrete thinker, which demonstrates no conception of consequences; that she functions at an age level below that of a 14-year-old; and that her abilities, including her ability for self-care, have not shown any marked increase despite years of professional work with her.  C.P. also testified and when asked whether she understood what sex is, she replied, "No, I keep forgetting what that means."  Docket No. 99, at 49.

The court reiterates that it may not weigh conflicting evidence or consider the credibility of witnesses.  It is for the jury, as the fact finder, to resolve conflicting testimony, weigh the evidence, and draw inferences from the facts presented.  The court views the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government.  The court finds that the evidence here is substantial and that a reasonable or rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt, including that C.P. was incapable of appraising the nature of the sexual conduct that Defendant admitted to engaging in with her.

Finally, the Defendant argues that the Government presented insufficient evidence that the Defendant knew that C.P. lacked the capability to appraise the nature of the sexual conduct at

the time of the alleged offenses. The Government presented evidence that the Defendant admitted the sexual conduct as charged in the Indictment; that he had been C.P.'s mother's live-in boyfriend for 6 to 7 years and had frequent contact with C.P.; that he had worked with her, including helping to teach her personal hygiene; that he was aware of her mental and emotional disabilities; and that he was aware she was under a guardianship for her benefit and receiving government assistance because of her intellectual disabilities.

Viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government, the court finds that the evidence is substantial and that a reasonable or rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt, including that the Defendant was aware that C.P. was incapable of appraising the nature of the sexual conduct that Defendant admitted to engaging in with her.

Accordingly, the Defendant's motion for a judgment of acquittal [Docket No. 101] is hereby DENIED.

**IT IS SO ORDERED** this 4th day of May, 2022.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**